Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

X FILED          LODGED
RECEIVED   COPY

FEB 1 2 2020

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY                    DEPUTY

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

_____ Division

TARA K. A. EIVERS (D.E.S. #
(EIN = 162357)
AND
PEDRO O. CAMARENA (REPRESENTATIVE)
(PERSONAL)
*Plaintiff(s)*  AS PWR OF ATTY.
(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)

-v-

ARIZONA DEPT. OF ADMINISTRATION;
HEALTHCARE BENEFIT SERVICES;
OFFICE OF CONTROLLER-ACCOUNTING;
MESA PROCESSING CENTER D.E.S;
RISK-MGMT-SCOTT REED;
DEPUTY-DIRECTOR OF D.E.S.
*Defendant(s)*
(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names.)

Case No. **CV20-00324-PHX-DWL**
*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)* ☐ Yes ☐ No

## COMPLAINT FOR A CIVIL CASE

### I.   The Parties to This Complaint

#### A.   The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | TARA K. A. EIVERS & PEDRO O. CAMARENA |
| Street Address | 18226 W. Enoch Dr. |
| City and County | Surprise  Maricopa County |
| State and Zip Code | Arizona  85387 |
| Telephone Number | (480) 594-3357 |
| E-mail Address | tara.eivers@gmail.com |

A.1 SEE ATTACHED PAGE 1.2

#### B.   The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title *(if known)*.  Attach additional pages if needed.

PAGE 1.1

A.1) THE PARTIES OF THIS COMPLAINT=

1) TARA K.A. EIVERS IS THE PLAINTIFF AND PEDRO O. CAMARENA IS NOT A PLAINTIFF... AS HER ONLY PERSONAL CARE-GIVER, REPRESENTATIVE OF FINANCIAL & MEDICAL ISSUES AND HOLDS LEGAL POWER OF ATTORNEY (ATTACHED).

2) THIS CIVIL ACTION IS PREPARED AND FILED FOR THE PLAINTIFF "TARA K.A. EIVERS...

3) PEDRO O. CAMARENA HAS BEEN TAKING CARE OF PLAINTIFF DURING SHORT-TERM AND LONG TERM DIS-ABILITY AND HAS WITNESSED ALMOST ALL EVENTS IN THIS COMPLAINT.

4) AS HAVING POWER OF ATTORNEY FOR PLAINTIFF, EVENTHOUGH I AM NOT AN ATTORNEY --- IT IS I THAT HAS CONDUCTED AND PREPARED ALL PRIOR APPEAL PROCEEDING AT THE AGENCY ADMINISTRATIVE LEVEL FROM DIVISIONS TOO RISK MGMT. AND ATTORNEY GENERAL'S OFFICE, LEGISLATER BUDGET COMMITEE LIABILITY MAINT. SECTION

5) PLAINTIFF AND PEDRO ARE NOT ATTORNEY AT LAW AND HAVE TAKEN THIS CIVIL ACTION TO FREEDOM OF LAW-FIRM AND OTHER LAW FIRMS... NOT ABLE TO RETAIN ANY QUALIFIED ATTORNEY DUE TO NO MONEY!

6) ON THE 1ST AMENDED COMPLAINT IS FOR A RESPECTFULLY ASKING TO PROCEED INTO A MEDIATION MEETING WITH DEFENDANTS THAT HAVE DECISION-MAKING AUTHORITY AND OR FOR A "PRO-BONO" TO PROTECT ENTITLED FAIR AND EQUEL RIGHTS.---

B.1) DEFENDANTS

1. A FEW DEFENDANTS MAY BE DIFFICULT TO APPEAR DUE TO LACK OF WHEREABOUTS, AND OR NO FORM OF CONTACT

2. DEFANDANT JENNIFER BOWLING MAY NOT BE CORRECT OR UP-TO-DATE... THIS DEFANDANT IS INTENDED TO BE PAYROLL INITIATOR AND APPROVAL, SO AS TO HAVE SOME CONTRIBUTION TO ERRONEOUS FIGURES AND PAY-DISCREPANCIES, WHICH SHALL BECOME A GREAT CONCERN TO ALL STATE EMPLOYEES, AS THESE DISCREPANCIES WILL JEOPARDIZE TAX, FICA, SOCIAL SECURITY AND MEDICARE, THIS CIVIL ACTION MAY BECOME A CLASS ACTION IN THIS MATTER? D.GIS. DEPUTY DIRECTOR MAY OR MAY NOT BE A DEFANDANT?

PAGE 1.2

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

**Defendant No. 1**

Name      SCOTT REED

Job or Title *(if known)*      CLAIMS ADJUSTER / RISK-MGMT DIVISION

Street Address      100 N. 15TH AVE - SUITE 301

City and County      PHOENIX (MARICOPA COUNTY)

State and Zip Code      ARIZONA 85007

Telephone Number      602 542 2180

E-mail Address *(if known)*

**Defendant No. 2**

Name      ELIZABETH THORSON / GILBERT DAVIDSON

Job or Title *(if known)*      ARIZONA DEPT. OF ADMINISTRATION INTERIM DIRECTOR / CHIEF OF OPERATIONS

Street Address      100 N. 15TH AVE SUITE 280

City and County      PHOENIX (MARICOPA COUNTY)

State and Zip Code      ARIZONA 85007

Telephone Number      602 542 5008

E-mail Address *(if known)*

**Defendant No. 3**

Name      ROSE (SUPERVISOR) (HEALTH CARE APPEALS OFFICER)

Job or Title *(if known)*      MEMBER HEALTHCARE BENEFIT SERVICES

Street Address      100 N 15TH AVE SUITE 260

City and County      PHOENIX (MARICOPA COUNTY)

State and Zip Code      ARIZONA 85007

Telephone Number      602 542 5008

E-mail Address *(if known)*

**Defendant No. 4**

Name      JOSEPH WHITMER

Job or Title *(if known)*      SUPERVISOR ACCOUNTING

Street Address      100 N. 15TH AVE SUITE 302

City and County      PHOENIX MARICOPA COUNTY

State and Zip Code      ARIZONA 85007

Telephone Number

E-mail Address *(if known)*

PAGE 2nd

DEFENDANT NO. 5

JANESSA MARTINEZ ROSALES
LOCAL OFFICE MGR. MESA PROCESSING CTR.
401 N. MESA DR.
MESA    MARICOPA COUNTY
ARIZONA

DEFENDANT No. 6

LETICIA AND MARLISE
SUPERVISOR — CO-WORKER MESA PROC.CTR.
401 N. MESA DR.
MESA    MARICOPA COUNTY
ARIZONA

DEFENDANT No. 7

JORDAN
OFFICIAL H.R. AGENT FOR
THE MESA PROCESSING CTR
OFFICE IN TUCSON - PINAL COUNTY
TUCSON    ARIZONA

~~DEFNDANT    No. 8~~

DEFENDANT No. 8    JOAN DENNINGER
SUPERVISOR    H.R. AGENT
1789 W. JEFFERSON
PHOENIX    MARICOPA COUNTY
ARIZONA    85007

DEFENDANT No. 9

JENNIFER BOWLING
PAYROLL INITIATOR & APPROVAL
H.R.I.S - EMPLOYEE - TIME - ENTRY
FROM CENTRAL - PAYROLL

* NOTE:
    IT IS NOT SURE OF THE
EXISTANCE OF DEFENDANT
No. 9. DISCOVERED ON-LINE AS
KNOWN TO BE THE ARIZONA
STATE PAYROLL INITIATOR - AND
APPROVAL PERSON. SOMEONE IN
STATES PAYROLL MUST BE
LIABLE FOR ANY DESCREPANCIES
AS GREAT AS DISPLAYED IN
THIS CIVIL ACTION, THAT MAY
BECOME A CLASS ACTION ?

PAGE 22

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## II.   Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

[X] Federal question      [ ] Diversity of citizenship

*Fill out the paragraphs in this section that apply to this case.*

CASE 1 CA-CIV-719 (JAN.28,1969
JUNE 4, 1970 COURT OF
9 ARIZ. APP. 120 APPEALS

(29 USC. SECT. 151-169 INFORMAL SETTLEMENT)
BY RISK MGMT. BRUCE BROWN   ( SUPPORTED BY
CASE : AZ. COURT OF APPEALS
CANSERENA-V-DEPT. OF PUBLIC WELFARE 1969

**A.    If the Basis for Jurisdiction Is a Federal Question**

CIVIL RIGHTS - INTENTIONAL TORTS & 42-1981a ; 42:1983; 42-7985; 42-1986

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case. U.S. CONSTITUTION AMENDMENT 1A H.C. BENEFIT
SERVICES ACTED BEFORE A NOTICE IN THE CANCELLATION OF HEALTHCARE
BENEFITS, AND FAILURE TO EQUAL PROTECTION OF THE LAWS-
AMENDMENT-5 --- BASED ON NUMEROUS PAYROLL STATEMENTS SHOWS
ERRORS.- IT APPEARS NON-PAYMENTS TO FICA TAXS AND NON-PAYMENTS
TO H.C.INS. PREMIUMS, WHICH MAY CLARIFY A MALFEASANT W/IN THE
OFFICE OF CONTROLLER/ACCOUNTING-FED. CODE 20-SECTION 4980-D

REFER TO PAGE 3.2 (3.3) b.3.2 ③.③ ATTACHED

INJUNCTIVE RELIEF TO PREVENT PLAINTIFF SUFFERING IRREPARABLE HARM.

**B.    If the Basis for Jurisdiction Is Diversity of Citizenship**

CAUSED BY GOSSIP ACTIVITY
UNFAIR LABOR PRACTICE-PART 1,
NATIONAL LABOR RELATIONS ACT
ADA- 29 CFR PART 163.2      1935
CFR 45 SECT → 146-119 (b)

1.    The Plaintiff(s)

     a.    If the plaintiff is an individual

          The plaintiff, *(name)* _____, is a citizen of the
          State of *(name)* _____.

     b.    If the plaintiff is a corporation

          The plaintiff, *(name)* _____, is incorporated
          under the laws of the State of *(name)* _____,
          and has its principal place of business in the State of *(name)*
          _____.

          *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.    The Defendant(s)

     a.    If the defendant is an individual

          The defendant,  *(name)* _____, is a citizen of
          the State of *(name)* _____. Or is a citizen of
          *(foreign nation)* _____.

PAGE 3.1

**II.** CONTINUED FROM PAGE 3.1

BASIS FOR JURISDICTION

A) 1). THE POWER AND LEGAL AUTHORITY OF THIS COURT HAS JURISDICTION TO HEAR AND DECIDE THIS CIVIL CASE ARISING UNDER THE UNITED STATES CONSTITUTION AMENDMENT 14 DUE PROCESS AND ANY OTHER CONSTITUTIONAL VIOLATION THAT MAY APPLY.___

2). SUCH AS DEPRIVATION OF CIVIL RIGHTS-PUBLIC HEALTH AND WELFARE 42-1981 a, 42-1983, 42-1985 CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS 42-1986 ACTION FOR NEGLECT TO PREVENT CFR 825.210 EMPLOYEE PAYMENT OF GROUP HEALTHCARE BENEFIT PREMIUMS, WHICH IS A DIRECT RESULT OF THE WRONGFUL UNREASONABLE UNLAWFUL CANCELLATION OF THE ONLY MEANS OF PROVIDING THE ADEQUATE REQUIRED MEDICAL TREATMENT SURGERY FOR PLAINTIFF'S SERIOUS HEALTH CONDITION THAT DEVELOPED WHILE WORKING FOR ARIZONA STATE, D, E, S, __A, D, O, A.

3). INTERFERING WITH "FMLA" AND APPEAL PROCEEDINGS CONDUCTING AN INFORMAL SETTLEMENT AMONG RISK-MGMT DIVISION AND ARIZONA D, E, S, DEPUTY DIRECTOR WITH ADVANCED PAYMENT OF #4374.ºº WITHOUT PRIOR NOTICE AS A PRIVATE MEETING, NOT TO ALLOW PLAINTIFF TO PARTICIPATE. SEE — 29 USC SECTION 151-169 INFORMAL SETTLEMENT

4). CFR 4980 D INJUNCTION RELIEF TO PREVENT SUFFERING IRREPARABLE HARM OR RISK OF HEALTH CAUSED BY A CUSTOM OR PRACTICE OF "GOSSIPPING" AT THE WORKPLACE AN ACTIVITY SO UNPLEASANT A CONDITION AT WORK THAT CAN FORCE ANY EMPLOYEE TO RESIGN — IN THIS CIVIL ACTION SUCH ACTIVITY WAS THE PROXIMITY CAUSATION "UNFAIR LABOR PRACTICE PART ONE OF NATIONAL LABOR RELATIONS ACT 1935

5). THIS CIVIL ACTION OF DUE PROCESS IS SUPPORTED BY PEDRO CAMARENA IN THE COURT OF APPEALS CASE OF "CAMARENA -V- ARIZONA DEPT OF PUBLIC WELFARE - ARIZONA - JUNE 4-1970 9 ARIZ-APP. 120 COURT OF APPEAL OF ARIZONA No # 1 CA - CIV - 719 JAN 28, 1969 ___

6). AS STIPULATED IN PAGE 3,1 SECTION "A" THE LISTED FEDERAL STATUTES SHALL APPLY BY ORDER OF THIS COURT TO INCLUDE NUMEROUS PROVISIONS LISTED UNDER ARIZONA LOCAL PROVISIONS. REFER TO BRIEF MEMORANDUM AND POINTS AND AUTHORITIES WITH EXHIBITS AND ATTACHMENTS TO BE FILED FOLLOWING THIS COMPLAINT. SEE THE LIST OF VIOLATIONS IN LETTER OF APPEAL EXHIBIT "A".

PAGE 3.2

## II. CONTINUE FROM PAGE 3.2
## BASIS FOR JURISDICTION

1) PRESENT STATUS PLAINTIFF IS ON "LTD"—
LONG-TERM-DISABILITY" AND NOW IS IN
PERIL OF TERMINATE DUE TO NOT HAVING
ANY HEALTHCARE INSURANCE. WHICH IS
A REQUIREMENT SO AS TO BE ABLE TOO
PROVIDE A MEDICAL REPORT OF DISABLED
CONDITION AS IMPROVED OR WORSTEN TO
BE SIGNED BY A PHYCISIAN.

2) NOT ABLE TO SEE ANY DOCTOR SINCE THE
NOTICE OF 3-26-2019...STATE ADOA FAILED
MAKE PREMIUM PAYMENTS KNOWING THAT
PLAINTIFF IS ON "LTD-WITHOUT PAY.

3) CFR 825.210(a)—THE AGENT INSURER AND OR
BENEFIT SERVICES HAS FAILED TO REACH-OUT
TO MAKE NECESSARY ARRAINGEMENTS FOR
PREMIUM PAYMENTS DURING MEDICAL LEAVE WITHOUT
PAY...STATE POLICY IS NOT CONSISTANT TO MEET
FEDERAL STANDARDS WHICH DOES NOT INDICATE
EMPLOYEES MUST PAY EMPLOYERS PREMIUMS...
REFER TO FORM WH.381 AND U.S DEPT. OF LABOR
FORM WH-1420

4) CFR 4980-D INJUNCTION RELIEF TO PREVENT
SUFFERING IRREPARABLE HARM OR RISK OF HEALTH
CAUSED BY A CUSTOM OR PRACTICE OF THE —
GOSSIPPING AT THE WORKPLACE AN ACTIVITY SO—
UNPLEASANT A CONDITION AT WORK THAT CAN
FORCE AN EMPLOYEE TO RESIGN. UNFAIR LABOR
RELATIONS ACT 1935...

5) PLAINTIFF MUST FILE THIS CIVIL ACTION AS IS,
TO PREVENT ANY FURTHER DELAYS...AN AMENDMENT
SHALL FOLLOW BE FILED SHORTLY THIS COMPLAINT
TO COMPLETE THIS ACTION.

6) TO INCLUDE "BRIEF MEMORANDUM" AND THE
STATE OF CLAIMS OF ALL REMAINING DEFENDANTS,
WITH A LIST OF CONSTITUTIONAL & VIOLATIONS,
AND STATUTORY PROVISIONS.

7) DEPUTY DIRECTOR IS LISTED A DEFENDANT BASED
ON THE ENGAGED FUTURE SETTLEMENT STIPULATED
TO HAVE APPROVED THE ADVANCED PAYMENT.
PLAINTIFF IS NOT ABLE TO OBTAIN RECORDING OF
ANY SETTLEMENT HEARING, HAS NOT SPOKEN WITH
DEPUTY DIRECTOR, SO AS TO CONFIRM HIS AUTHORITY?

*NEVER MEMORANDUM*

1) WITHOUT CONTROL OR SOME FORM OF MAKING SURE OF WHAT CAN DEVELOPE FROM A LINGERING GOSSIP ABOUT ONE PERSON TO BEING SINGLED-OUT___ BE IT FOR PLAINTIFF'S ABILITY TO SPEAK "ARABIC" OR JUST GOSSIP IS WHAT MOTIVATES THOSE THAT PARTAKE IN SUCH ACTIVITY.

2) IT MATTERS NOT — THOSE WHO VIEW "GOSSIP" AS A BENEFICIAL INTO SOME FORM TO GET-RID-OF SOMEONE NEAR YOU; OR TO RUIN SOMEONE'S REPUTATION, MAYBE JUST PLAIN ENVINESS!

3) JUST BECAUSE I HAVE SPOKEN "ARABIC" TO CLIENTS THAT DO NOT SPEAK ENGLISH SO WELL___ THOSE ENGAGED IN "GOSSIP" SPECIFICLY SUPERVISOR "LATICIA" AND "MARLISE" WERE GOSSIPPING AND ASKED PLAINTIFF "IF I WAS A TERRORIST? PLAINTIFF' IS FLUENTLY "ARABIC SPEAKER" AND HAS BEEN AN ESSET TO D.E.S, TO ASSIST "ARABIC SPEAKERS!

4) "GOSSIP" BECAME TO A BOILING POINT, SO AS TO CARRY A FILTH IN LANGUAGE, AS CREATING A SICKNESS-FEELING NAUSIATED, DISCOMFORT ANGER DEVELOPES FROM NOT ABLE TO DO ANYTHING ABOUT IT — NOT EVEN AFTER WRITTEN COMPLAINS TO THE OFFICE MANAGER, AND REGIONAL OFFICE MGR, & SUPERVISOR.

5) SHORTLY AFTER MY COMPLAINTS, PLAINTIFF WAS UNDER RETALIATION AND WAS INSTRUCTED TO BE MOVED TO THE REAR OF THE OFFICE AND TO FACE THE WALL (PLAINTIFF REFUSED).

6) PLAINTIFF'S SUPERVISOR WAS ABSENT AND DECIDED TO TAKE THE DAY-OFF... KNOWING THAT AN ATTEMPT TO WALK PLAINTIFF OUT OF OFFICE AND OUT OF PROPERTY AS UNAUTHORIZED DISCHARGE!

7) NO-ONE PLANS TO GET SICK; AS YOU MAY KNOW THAT PREVENTION IS THE BEST MEDICINE. WE MAY NOT CONTROL AIR-BORNE BACTERIA — WE CAN CONTROL ONE OF THE MOST EVERYDAY WIDESPREAD OF UNDETECTED, MOST HINDERING TO PRODUCTIVITY MOST DAMAGING TO CREDIBILLITY — YET SO EASY TO BECOME INFECTED NOT ONLY BY CONTACT___ BUT JUST BY LISTENING RATHER BY A WHIP WHISPER IN THE AIR; A SOUND-OFF FROM A CONVERSATION, TOO JUST BEING APPROACHED BY A CO-WORKER, YET HAS BEEN ADDRESS, AND NOT CORRECTED, NOR ENFORCED INTOLLERABLE, THIS IS A NEGLAGENT STANDARD OF CONDUCT (SEE PS/AUTHORITIES)

PAGE 3,4

1) WHEN THE "GOSSIP" AT THE WORK-PLACE
BECOMES SO DISTURBING THAT IT IS DISPLAYED
BY YOUR UNUSUAL PATTERN OF SLEEPING, WHERE
TALKING IN YOUR SLEEP ABOUT THE "GOSSIP"

2) THIS IS NOT A SIMPLE "GOSSIP" IT HAS NOW
BECOME AN INFECTUOUS UNCONTROLABLE DISEASE
THAT HAS CREATED A CONTRIBUTION TO OTHER
PSCHOLOGICAL AND PHYSICAL CONDITION— SUCH
AS WHEN A BEHAVIOR IS CHANGED, FEELINGS AND
THOUGHTS ALSO CHANGE. (SEE DR.THORPE'S LETTER)

3) THIS SUBJECT MATTERS IN THE INCIDENTS IN
QUESTION AT THE MESA PROCESSING CENTER,
AND DEPRIVED OF PLAINTIFF'S ENTITLED
HEALTHCARE COMPENSATION IS UNDER THE
JURISDICTION OF THIS COURT, WHICH HAS THE
POWER AND LEGAL AUTHORITY TO HEAR AND
DECIDE THIS CASE FAIRLY, IMPARTIAL AND
TO PROTECT PLAINTIFF'S EQUAL PROTECTION
OF THE LAWS, AS A CIVIL TORT.

4) SPECIAL REQUEST FOR DETERMINATION OF
VALIDITY OF LAWS AND REGULATIONS <PR-
RULES RELATED TO THE WRONGFUL & UNLAWFUL
CANCELLATION OF HEALTHCARE BENEFITS WHICH
IS A REQUIREMENT THAT EMPLOYERS ARE
TO CONTINUE & MAINTAIN HEALTHCARE INSURANCE
IN THE SAME TERMS & CONDITION AS IF
NOT ON LEAVE.

5) ARIZONA DOES NOT MEET THE FEDERAL
STANDARDS OF FMLA - AS THE A.D.O.A
AND ITS DIVISIONS CONTINUE TO INTERFERE
IN FMLA PROCEEDINGS.

6) PLAINTIFF IS OUT OF TIME AND PAPER!
FOLLOWING THIS CIVIL ACTION, SHALL BE
FILING AN AMMENDMENT TO PROVIDE
ADEQUATE SUPPORTING FACTS, AND A FULL
REPORT OF NAMED DEFENDANTS, TO INCLUDE
POINTS & AUTHORITY WITH OTHER EXHIBITS
AND ATTACHMENTS,

POINTS AND AUTHORITY
(RELATED TO THIS CIVIL ACTION)

1) ANTI-DISCRIMINATION & RETALIATION ACT } NO FEAR
PUBLICATION # 174, 107 pg, 565                              ACT
Pg. 116 STAT, 567 PUBLIC LAW 107-174
USC 2301/#6.

2) SECTION 242 - TITLE 18 DEPRIVE ANY PERSON OF
A RIGHT A PRIVILEGE UNDER U.S. CONSTITUTION PERSONS
ACTING AS PUBLIC OFFICIALS UNDER COLOR OF LAW
ARE IN VIOLATION.

3) 36-1323 CIVIL ACTION, DAMAGES INJUNCTIVE
RELIEF, ATTY FEES. — 36-1323 (A) (B) (C) 1, 2, 3

4) CFR SECT. 825, 300 (b) (c); PART A & B IN FORM WH 381

5) TITLE 20 CHAPTER 1, ART. 3 SECT. 20-182 (A. 1) R b (3) (4) (2)
29 USC SECT 651-169; ART. 1 SECT. 36-602, 36-183, 06
ADA TITLE I; 36-765, 07  36-183, 05; 20-3151, 20-
3153 (A) 1, 2, 3, 4; 20-3154, 20-3151; 20-2050  20-2506 (A)

6) 825, 1115 (a) (c) (e); FMLA (B 25, 108 AND 825, 108; 825, 112 (a) (4)
825, 113 (A2) (B),

7) 23-802; 23-804, 23-805, 23-806, 23-807, 23-901

8) 41-623; 23-1602, 23-1501 (3) (b) (i) (ii) (c) (i) (2) (B)
23-1502 (A) (1)

9) 1st CIRCUIT BORDANARO -V- McLEOD 871 F 2d 1151 (1st
1989); CANTON -V- HARRIS - PEMBAUR -V- CINCINNATI - DIRECT                CIR MASS
CASUAL CONNECTION; SUPREM CT; LOS ANGELES -V- HELLER
475 U.S 796, 106 SCT 1571, 89 LE2d 806 (1986);

10) AR ARS 41-1061, 41-1062; ARS 2301, 2303, 2304,
2305, 2307, 2310 (A) (B) (D) (E) (2) (3)  CFR 45 SECTION
146, 119 (b)

11) CIVIL TORTS 41-1471, 41-1472, 41-1421-1442
MEDICAL BILLS
ECONOMIC LOSSES (9 mths NO PAY)
WRONGFUL CANCELLATION OF HEALTHCARE INS.
INTERFERING MEDICAL TREATMENT

1.5 TO 5.0 RATE OF GENERAL DAMAGE FORMULA
— THE WORST PAIN, THE HIGHER MULTIPLIER

3.6

LIST OF VIOLATIONS UNDER TITLE 20
AS A PATIENT AT MAYO CLINIC - DEPRIVED OF REQUIRED MEDICAL ATTENTION
CLAIM FOR RELIEF TO BE GRANTED BASED ON THE
CONTENTS WITHIN THE APPEAL LETTER AND ITS
ATTACHMENTS SUPPORTED UNDER THE FOLLOWING
ARIZONA REVISED STATUTORY PROVISIONS,---

FIRST AND FOREMOST THIS APPEAL IS SUPPORTED UNDER
CASELAW "CAMARENA -V- ARIZ. DEPT. OF WELFARE-
1969" (COURT OF APPEALS) AS THE BENEFIT SERVICE
DIVISION FAILED TO NOTIFY A PROPER BILLING
BEFORE A UNPAID PREMIUMS AND FAILED TO
SHOW ANY PAYROLL DEDUCTIONS PAID, OR THE
BALANCE DUE.-- FAILURE TO COMMUNICATE
IN A TIMELY MANNER, & FAILURE TO ALLOW
30 DAYS GRACE PERIOD.-- TOO INCLUDE THE
REPEATED BILLING ADDED TO NEXT BILLING
AFTER ONCE PAID, NEVER RECIEVED A BILL STATEM'T,
ONLY THE UNPAID BILLING---

ARS 20-191 PAYMENT OF PREMIUMS BY MAIL ARE GIVEN
A GRACE PERIOD IF LATE DUE TO HOLIDAY OR WEEK-
END, WHAT ABOUT PAYMENTS MADE ON-LINE--?

20-111 EXISTING FORMS, FAILURE TO PROVIDE AN
APPEAL FORM

20-467 RETURN PREMIUMS
20-441 -UNFAIR PRACTICE
20-118 (A) (B) PROHIBITION
20-2511 - VIOLATION/INJUNCTION RELIEF

20-2536 (E) ④ FORMAL APPEAL

20-1110 ARTICLE 1 FORMS, 20-1110 (H) (G); 20-1112 (A)(B)
20-2506, 20-2530 ART. 2. 20-3154; 20-101 ART3, 4
20-1721, 20-3151, 20-3153 (A) (1)(2)(3), 20-3101,
20-3321, 20-3401, 20-3455, 20-3457, 20-2803
20, 3102; CHAPTER 15 ART. 2, 20-3155_20-2501 (A) :

NOTE!, WITH INTENT TO FILE LAWSUIT FOR
INTERFERANCE ONTO REQUIRED ADEQUATE MEDICAL
ATTENTION & TREATMENT, FAILURE TO RETURN
PAID PREMIUMS AFTER CANCELATION_ARS 20-2511
OTHER STATUTORY PROVISIONS MAY APPLY.--

Sara CA Ewers     P.O. Camaena

3.7

# Talking About Others In The Workplace

## Destroys Trust and Lowers Morale
When an employee confides in another co-worker, the conversation should remain confidential. If words spoken in confidence become the subject of workplace gossip, it can result in co-workers losing trust in each other. When an employee is the subject of workplace gossip, it can also negatively affect her morale. Employee might eventually decide to quit her job, which adds to an increase in company turnover.

## Hinders Teamwork and Productivity
Gossip in the workplace can put a strain on teamwork and employee productivity. When someone becomes the subject of workplace gossip, it can become difficult for her to work with co-workers, specifically the ones who are participating in the gossip. This creates a toxic working environment with a lack of unity. If the employee is too focused on the gossip, individual may not be able to focus on her work, and productivity suffers.

## Minimizing the Gossip
If you are approached with workplace gossip, set an example for others to follow. Don't participate in the gossip by leaving room or change the subject whenever the gossip starts. This sends the message to others that the behavior is unacceptable. Eventually, your co-workers might take the hint. If the gossip continues, don't be afraid to tell your supervisor or boss about the situation. By doing so, management can address the matter in a way that promotes a healthy working environment.

## Hurts Reputations
It doesn't matter if the rumors about someone are true, once they're expressed they forever alter how other employees see that person. Individual may be excluded from projects or treated unfairly or rudely by colleagues who believe the gossip that individual is dishonest or disloyal, for example. If the gossip spreads to people outside the workplace, such as clients or other people in the business, individual may be unable to work with customers, do business with people from other businesses or get another job.

## Damages Credibility
An employee who gossips potentially suffers as much as the subjects of their gossip. Individual credibility will gradually erode in the eyes of their colleagues, and individual will gain a reputation as someone who can't be trusted. Workplace gossip as "the tool of insecure, rank amateurs". The gossiper's colleagues, especially if they hold senior positions or have more experience, may perceive individual as someone inexperienced and unprofessional and may no longer take individual seriously.

## Destroys Morale
Gossip not only destroys the relationships between the employees doing the gossiping and those being gossiped about, it can also shatter trust and create conflict throughout the team. In a workplace where gossip is persistent, employees may not trust anyone and may feel uncomfortable working closely with colleagues for fear they'll learn something about them and use it to spread rumors. This creates a business culture characterized by an "everyone for them self" atmosphere rather than one in which employees freely share ideas and work together for the good of the business.

## Hinders Productivity
Workplace gossip distracts employees from their job duties, leading to a business culture in which employees spend more time huddled around the water cooler than they do closing deals. Eventually, the quality of the products or services the business offers may deteriorate because employees aren't devoting their energies to maintaining and improving the business goals. As productivity falls, it will be more difficult for the business to stay competitive. The business may miss opportunities because employees weren't paying attention to these possibilities.

## Could Lead to Legal Action
Employees who feel their careers and reputations have been damaged by workplace gossip might sue the business and their colleagues for insult, harassment or other offenses. They can use the workplace gossip to support their claims, especially if they can find co-workers who will testify about what was said or if they can acquire emails or other correspondence documenting the rumors.

## Talking about others in the workplace is unacceptable.

PAGE 3.8

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

    b.   If the defendant is a corporation

The defendant, *(name)* _____ , is incorporated under

the laws of the State of *(name)* _____ , and has its

principal place of business in the State of *(name)* _____ .

Or is incorporated under the laws of *(foreign nation)* _____ ,

and has its principal place of business in *(name)* _____

*✶ NOTE :* THE AMOUNT IN CONTROVERSY AT THIS POINT & TIME IS NOT CLEAR DUE TO THE COMPLEXITY OF ALL THE WRONGFUL ACTS AND DAMAGES, AND ECONOMIC LOSS. SEE BRIEF MEMO!

(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)

STATE PAYROLL SHOWS FICA, SSA, AMOUNT EXCEEDS AMOUNT OF TOTAL GROSS, + OTHER ISSUES…

3. The Amount in Controversy ~~IS~~ MAY BE SUBMITTED AFTER A MEETING WITH THE OFFICE OF CONTROLLER ACCOUNTING PAYROLL CORRECTIONS ARE DUE… BRIEF JOSEPH WHITMER ACCOUNTING SUPERVISOR IF NOT LET IT BE # SEE MEMORANDUM

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain):* THE AMOUNT IN CONTROVERSY AT-STAKE SHALL BE MORE THAN $76,000 * BECAUSE THERE EXISTS NUMEROUS ERRORS DISCOVERED W/IN THE STATES-PAYROLL SYSTEM, THE OFFICE OF CONTROLLER HAS FAILED TO MAKE CORRECTIONS AFTER ADMISSION, WHICH HAS AFFECTED AND CONTRIBUTED TO THE WRONGFUL CANCELLATION OF HEALTH CARE BENEFITS, WHICH HAS PLACED PLAINTIFF ON MEDICAL LEAVE W/OUT PAY, YET THE STATE ARE REQUIRING PLAINTIFF TO PAY STATES PORTION AND PLAINTIFF'S PORTION OF H.C. INS. PREMIUMS, AFTER CANCELLATION ON 1-25-2019

*✶ ENTITLED RELIEF PAGE 4.4*

III.  **Statement of Claim** IT IS UNFAIR, UNLAWFUL TO PAY FOR A SERVICE NEVER DELIVERED, FROM 1-25-2019 DEFENDANTS WRONGFULLY DEPRIVED PLAINTIFF THE ENTITLED HEALTHCARE

*REFER TO PAGE 4.2*

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed. SEE BENEFITS PAYMENTS + EXHIBIT

PLAINTIFF "TARA" IS ENTITLED A RELIEF FOR VIOLATION OF HER CIVIL RIGHTS BY ADOA FAILURE TO REPORT TO DIRECTOR OF AZ.D.E.S. THE SERIOUSNESS OF THIS SUBJECT MATTERS FROM THE "GOSSIP" AT THE WORK-PLACE WHICH WAS ONGOING ABOUT 3-WKS… TO LEVEL OF DEVELOPED A SICKNESS & NUISANCE, AND A PROXIMATE CAUSE OF INTERFERING ON MEDICAL ATTENTION: TO INCLUDE ADOA, ALLOWED BENEFIT SERVICES, AND ACCOUNTING TOGETHER DECIDED TO CANCEL HEALTH CARE BENEFITS AFTER PAYMENTS OF #1,249.61 ON 1/22/2019–N–2-15-2019,SO AS TO DEPRIVATION OF ENTITLED HEALTHCARE–N–MEDICAL ATTENTION WAS PENDING SURGERY. ALL 3-DEFENDANTS CAUSED A RISK OF HEALTH, AS THE FUTURE REQUIRED SURGERY WAS–N–IS NOT AVAILABLE DUE TO NO INSURANCE

*RELIEF PAGE 4.4*

IV.  **Relief** HAS NOT BEEN RE-INSTATED UPON DISCOVERY OF ERRORS IN THE PAYROLL SYSTEM IT APPEARS BY ADMISSION OF THE ACCOUNTING THERE EXISTS ERRORS, BUT REFUSE TO CORRECT BECAUSE IT GOES BACK TO 2015, ACTS FROM 11-26-2018 TO

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages. PLAINTIFF'S REQUEST TO HAVE RE-INSTATEMENT OF THE PRES. PMT. SEE BRIEF MEMO

*RELIEF PAGE 4.4*

HEALTHCARE INSURANCE, TO PAY ALL MEDICAL BILLING DURING COVERAGE PERIODS, REQUEST TO ENFORCE–N–CONTROL ANY GOSSIP IN THE WORK-PLACE–N–TO DISCHARGE THOSE THAT CAUSE GOSSIP ACTIVITY AT WORK… WHICH ARE STILL ENGAGED TODAY. DUE TO THE OVER-PAYMENT OF PREMIUMS AFTER 1-25-2019, TO RETURN BALANCE OF #1,249.61, AND BECAUSE THE DIVISION OF ADOA CAUSED A DELAY IN THE LTD-PROCESS PLACING PLAINTIFF OVER 8-WKS. OF MEDICAL LEAVE W/OUT PAY, AMOUNT OF THAT CLAIMED IS NOT CORRECT, IF I MAY REQUEST AN AMOUNT FOUR TIMES OF MY REGULAR BASE-PAY AND FOR PUNITIVE DAMAGE OF CIVIL TORT OF MENTAL DURESS STATE OF MIND, CAUSING INTENTIONAL PAIN, DEPRIVATION OF REQUIRED MEDICAL ATTENTION MENTAL–N–PHYSICAL EPISODES OF LOSS OF MEMORY, SLEEPLESS NITES, AND REQUEST TO HAVE MY PAYROLL CORRECTED SO AS TO NOT OWING ~~STATE~~ FEDERAL TAX'S. THIS DIVISION HAS VIOLATED ALL PLAINTIFF RIGHT TO APPEAR TO SCHEDULED MEDICAL TREATMENTS AT MAYO CLINIC… FOLLOWING THIS CASE IS A COMPLAINT ONTO THE MEDIA PROCESSING CTR. FOR THIS SUBJECT MATTER OF GOSSIP AT THE WORK-PLACE, RELIEF AMOUNT SEE REFER TO EXHIBIT-RELIEF

PAGE 4.1

# III. STATEMENT OF CLAIM #1 DEFENDANT

1) SUPPORTING FACTS WHICH FALL UNDER CONSTITUTIONAL QUESTIONS AS FEDERAL CIVIL RIGHTS AND OTHER LOCAL PROVISIONS... UPON THE FILING A NOTICE OF CLAIM ON 11/06/2019 WHICH HAD NO RESPONSE OVER 60-DAYS. (CONSIDERED TO BE A "DENIAL")

2) AS PLAINTIFF HAD MET WITH A STAFF MEMBER OF THE ATTORNEY GENERAL --- IT WAS AGREED THAT A CIVIL RIGHTS VIOLATION DOES EXIST AND FOR ME TO RETURN TO SPEAK WITH THE "LIABILITY SECTION.

3) NO POSITIVE RESPONSE FROM THE "LIABILITY MGM'T SECTION, FINALLY I DISCOVERED SCOTT REED IS THE ASSIGNED ADJUSTER FROM RISK-MGM'T.

4) SCOTT REED BECAME VERY UNPROFFESSIONAL AND ARGUEMENTIVE AS IF I DISTURBED HIS "SLEEP" --- SCOTT BECAME RUDE UNCO-OPERATIVE AND SAID THERE IS NOTHING HE CAN DO. PLAINTIFF REQUESTED TO ASSIST INTO INVESTIGATING THE FMLA HOURS AND PAYROLL.

5) SCOTT SAID HE CAN NOT GET ACCESS TO ANY FILES ON FMLA OR PAYROLL. PLAINTIFF DECIDED TO TALK TO RISK-MGM'T MANAGER. LATER AFTER TALKING TO MICHELE (MGR.) SHE SAID - "I WILL LOOK INTO THIS MATTER!"

6) UNEXPECTED... ON JAN. 28 2020 A LETTER FROM SCOTT REED ARRIVED STATED THAT THIS MATTER IS A DUPLICATE OF CLAIM #G201821422 AND STATUE OF LIMITATION HAS PASSED FROM DATE OF LOSS.

7) SCOTT CITED ARS 12-821.01 E THAT UNLESS ADVISED IN WRITING A "DENIAL" BEFORE EXPIRATION OF 60 DAYS ...AFTER SUCH TIME BE FREE TO FILE SUIT IF YOU WISH TO TAKE FURTHER ACTION.

8) AT POINT & TIME OF FILING THE SECOND NOTICE OF CLAIM, PLAINTIFF HAD JUST ENDURED ABOUT 10 MTHS OF MEDICAL LEAVE WITHOUT PAY AND NO HEALTHCARE INSURANCE, WHICH EMPLOYER MUST PROVIDE TO EMPLOYEES ON FMLA W/O PAY AT SAME TERMS & CONDITION AS IF NOT ON LEAVE.

9) ABOUT 10 MTHS W/OUT REQUIRED MEDICAL TREATMENT AND UNDER EXCRUCIATING PAIN CONFUSED ANXIETY WEAK AND DEPRESSED - SURELY MY WRITING MAY'VE BEEN POORLY TO WHERE SCOTT COULD NOT READ THE NOTICE OF CLAIM.

10) PLAINTIFF REQUESTED TO RE-WRITE THE CLAIM OR TYPEWRITE IT... SCOTT MADE NO EFFORT TO REACH-OUT SO AS TO BE ABLE TO RESPOND TIMELY, AS IN THE FIRST NOTICE OF CLAIM WHICH NEEDED CLARIFICATION --- BRUCE BROWN REACHED OUT AND RESPONDED TIMELY.
HAD PLAINTIFF NOT REACHED-OUT TO MICHELE MGR AT RISK-MGM'T --- SCOTT WOULD NEVER RESPOND.

## III. STATEMENT OF CLAIM (CONTINUED)

1) FOR A SENIOR ADJUSTER OF STATE OF ARIZONA NOT TO ACT ON HIS DUE DILIGENCE OF HIS DUTIES OR IN MATTER OF LAWS TO RESPOND TO A NOTICE OF CLAIM TIMELY~ MAY DISPLAY A FORM OF CONSPIRE TO DELAY FURTHER PROCEEDINGS UNDER ARS 12-821.01 E. AND INTERFERING "FMLA RIGHTS".

2) BECAUSE OF 60 DAYS HAVE PASSED A WRITTEN DENIAL IS NOT REQUIRED WHEREAS THE STATUTE DOES NOT PROVIDE FOR ANY FURTHER ADMINISTRATIVE REVIEW ___ AS AN EXHAUSTED OF ALL REMEDIES PLAINTIFF REQUEST RELIEF GRANTED

3) THE SUBJECT MATTER IN CLAIM # G2018214Z2 AND G201921262 ARE NOT A DUPLICATE IT REFLECTS ON ISSUES NOT COMPLETED BY BRUCE BROWN; WHICH WAS LEFT OPEN FOR 12-MTHS. FROM DATE OF LOSS. STATUE OF LIMITATION HAS NOT PASSED AT TIME OF SECOND NOTICE OF CLAIM ___ NOTICE OF SUCH FROM BRUCE BROWN WAS ON MAY 24 2019. AND THIS CLAIM # G201921262 WAS FILED TIMELY -

4) IN WRITING OR NOT~ NO ANSWER WITHIN 60 DAYS SHALL BE CONSIDERED A DENIAL - PLAINTIFF REQUEST THIS COURT TO GRANT A RELIEF ENTITLED.

5) RISK MANAGEMENT BRUCE BROWN AND SCOTT REED COULD HAVE TEAMED-UP TO ENFORCE THE PROPER DIVISIONS OF THE ARIZ. DEPT. OF ADMINISTRATION IN MAKING CORRECTIONS TO RESOLVE THE UNLAWFUL UNREASONABLE WRONGFUL CANCELLATION OF HEALTH-CARE ENTITLED BENEFITS BASED ON CLEAR AND CONVINCING EVIDENCE DISPLAYED BY THE PAYROLL - DEDUCTIONS AND BANK STATEMENTS.

6) AN ADMINISTRATIVE AGENCY "ARIZ. DEPT. OF ADMIN ___ NO RIGHT WITHOUT UNDERLYING STATUTORY AUTHORITY TO PRESCRIBE AND ENFORCE CANCELLATION OF HEALTHCARE BENEFITS AS A PUNITIVE MEASURES FOR VIOLATIONS OF ADMINISTRATIVE RULES AND REGULATIONS AND ___ WHEN AN AGENCY DOES SO, IT VIOLATES THE DUE PROCESS CLAUSE OF THE 14TH AMENDMENT. & CFR 825.210; 825.210 (a)(e); FAILURE TO PAY PREMIUMS OFFER~OPTION AS PER D.E.S. FMLA-APPROVAL LETTER DATE DEC-2018

7) BRUCE BROWN DID PROVIDE PARTIAL SATISFACTION IN INVESTIGATION OF THIS COMPLAINT LEAVING INSTRUCTIONS INTO FILING A SEPARATE NOTICE OF CLAIM WITHIN (2 MTHS-) IN THE MATTERS OF FMLA HOURS AND PAYROLL DISCRE-/ PANCIES ___ YET THIS ISSUES OF RE-INSTATEMENT HEALTHCARE INSURANCE AND PAYMENT TO MEDICAL BILLS UNDER A COVERAGE PERIOD ARE NOT A PAID. EVEN IF PLAINTIFF HAD PAID PREMIUMS UPTO AUG-2019 WITH THE $4,374.00 OR THE SO CALLED ADVANCE~PAYMENT OF FUTURE SETTLEMENT, THE INSURANCE HAD BEEN CANCELED ON 2/8/2019 ON A COVERED-PERIOD FROM PAYMENTS MADE BY PLAINTIFF ON 1-22-2019 AND ON 2-15-2019. FAILURE TO MEET REQUIRED AS PER ARS PROVISIONS AND FED. CFR.

**Douglas A. Ducey**
Governor



**Elizabeth Thorson**
Interim Director

## ARIZONA DEPARTMENT OF ADMINISTRATION

RISK MANAGEMENT DIVISION
100 NORTH FIFTEENTH AVENUE • SUITE 301
PHOENIX, ARIZONA 85007
(602) 542-2182

April 22, 2019

Tara Eivers
1360 West Isabella Avenue Apt 2160
Mesa, Arizona 85202

RE:    **Our Claim Number:** G201821422-1
          **Incident Date:**        Unclear

Ms. Eivers,

We are writing to acknowledge your unsigned and undated Notice of Claim. We cannot determine from your notice of claim what the date of loss is.

Please be advised it has been referred to the Department of Administration's Risk Management Section and assigned to Bruce Brown.

If you have any additional supporting documentation to provide you may either email it to plexistingclaims@azdoa.gov with our claim number in the subject line, or mail the documentation to Arizona Department of Administration, Risk Management Division, 100 North Fifteenth Avenue, Suite 301, Phoenix, Arizona, 85007. Our claim number must be referenced on your correspondence.

By acknowledging your correspondence, we expressly do not waive, nor do we intend to waive, any defenses the State may have (including under A.R.S. 12-821.01, nor are we acknowledging that your correspondence meets all requirements of this statute).

Sincerely,

Bruce Brown
Liability Claims Adjuster
(602) 542-1482
bruce.brown@azdoa.gov



**Douglas A. Ducey**
Governor

**Andy Tobin**
Director

## ARIZONA DEPARTMENT OF ADMINISTRATION

RISK MANAGEMENT DIVISION
100 NORTH FIFTEENTH AVENUE • SUITE 301
PHOENIX, ARIZONA 85007
(602) 542-2180

January 23, 2020

Ms. Tara Eivers
18226 West Enoch Drive
Surprise, AZ  85387

RE:   Our Claim Number:          G201921262
      Incident Date:              November 26, 2018
      Named Claimant:             Tara Eivers

Dear Ms. Eivers,

We are writing to acknowledge your correspondence dated, November 5, 2019. Your Notice of Claim states your date of loss/occurrence is November 26, 2018. Your Notice of Claim to the State of Arizona exceeds the required 180-day notice period and would not be considered an effective Notice of Claim.

According to A.R.S. 12-821.01, the claim must be filed within 180 days after the cause of action accrues. Our investigation of this matter reveals that your notice of claim was received, by the State of Arizona, Office of the Attorney General, outside of the required time period in which to present a valid claim. We must respectively decline acceptance of your claims against the State of Arizona, Departments, Agencies and employees.

Additionally, your claim received under claim number G201921262 is in our opinion, duplicative, reflecting allegations made under claim G201821422. That claim was pending with a partial settlement settlement made to you for your loss. That claim handled by Bruce Brown. I am to understand that the state statue of limitations has passed in your prior claim against the State with your loss date for that claim also stated as November 26, 2018. Our recent conversation has also provided solidification of our findings.

Continued:
G201921262

In accordance with A.R.S. 12-821.01(E), a claim against a public entity or public employee filed pursuant to this section is deemed denied sixty days after the filing of the claim, unless you are advised of the denial in writing before the expiration of sixty days. The statute does not provide for any further administrative review of the decision. Therefore, after such time you are free to file suit if you wish to take further action.

Sincerely,

Scott Reid
Senior Adjuster
State of Arizona
Department of Administration
Risk Management Division

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

THE AMOUNT FOR RELIEF SHALL BE SUBMITTED AFTER PROPER AND ACCURATE FIGURES ARE DISCUSSED WITH RISK-MGMT... BRUCE BROWN HAS WRONGFULLY DECIDED TO ISSUE A CHECK OF $4,374.44 OR IT TO BE USED IN WHATEVER MEANS FOR PLAINTIFF AND PROCLAIMED THAT ALL MEDICAL BILLS WILL BE PAID UP TO 5-17-2019, YET A WEEK LATER BRUCE SENDS A LETTER INDICATING THAT THE $4,374.44 WAS TO BE USED FOR PAYING PAST PREMIUMS TILL AUG. 2019... BASED ON ARS 36-441   BRUCE IS NOT AUTHORIZED TO MAKE SUCH DECISION. SO THE $4,374.44 SHALL DEDUCTED FROM THE RELIEF GRANTED BY THE ORDER OF THIS COURT AND WITH PRAYERS THIS COURT MAY GRANT THIS RELIEF IN THE AMOUNT OF $250,000.00    CORDIALLY   PLAINTIFF'S

**V.** **Certification and Closing**   ~~SEE RELIEF DETAIL~~

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

**A.** **For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: _____

Signature of Plaintiff   *Pedro Camarena AND Tara J. Eivers*

Printed Name of Plaintiff   *PEDRO O. CAMARENA AND TARA K.A. EIVERS*

**B.** **For Attorneys**

Date of signing: _____

Signature of Attorney   _____

Printed Name of Attorney   _____

Bar Number   _____

Name of Law Firm   _____

Street Address   _____

State and Zip Code   _____

Telephone Number   _____

E-mail Address   _____

# COVER LETTER
## FOR THIS
### CIVIL ACTION

SUBJECT MATTER: INFORMAL SETTLEMENT & ADVANCE PAYMENT-
29 USC SECT. 151-169. ___ DISPLAY TO SHOW MISREPRESENTATION
OF FUNDS & INAPPROPRIATE CALCULATIONS THAT REQUIRE A
REVIEW IN CORRECTIONS ACCOUNTABILITY INCONSISTANCY IN
PAYROLL SYSTEM ___ THIS SHALL FALL UNDER THE NO-FEAR ACT.
ARIZ. DEPT OF ADMIN. ADOA - DIVISION OF ACCOUNTING AND
HEALTHCARE BENEFIT SERVICES CONSPIRED TO WRONGFULLY
TAKE AWAY HEALTHCARE BENEFITS FOR DEC. 2018 AFTER
PREMIUMS HAD BEEN PAID UP-TO-DATE FROM DEC-2018-
TO MARCH 2019.

PLAINTIFF WAS HIRED ON JAN 21, 2015 ___ SHORTLY AFTER
AWARDED TO BE DISABLED BY ADMIN. LAW JUDGE UNDER
APA 29 CFR PART 163.2 ___ PLAINTIFF HAS BEEN UNDER "FMLA"
IN THE PRIOR INCIDENTS AND IS NOW ON "LTD" LONG-TERM-
DISABILITY ATTACHED AS A GROUP UNDER THE A.S.R.S.

PLAINTIFF HAS ASSISTED THOUSANDS OF HUNGRY-CITIZENS
OF MANY CULTURES INCLUDING "ARABIC-SPEAKERS" THAT
COULD NOT SPEAK ENGLISH UNTIL A NEW-MANAGER FORCED
HER TO STOP SPEAK "ARABIC" ___ LATER THE NEW MGR.
HAD WROTE AN OFFICIAL "MEMO-OF-CONCERN" FOR A
"NO-CALL NO-SHOW" IN FEB. 3 2018 AND PROCLAIMING
THAT SHE SEARCHED PLAINTIFF'S WORK STATION ... NEW-
MGR. HAD NOT BEEN WORKING AT THIS OFFICE UNTIL
JUNE 2018.

AS MANY EMPLOYEES UNDER THIS NEW MGR. HAD MADE
VOLUNTARY TRANSFERS, SO DID PLAINTIFF, SOME RESIGNED.
UPON THE ARRIVAL AT MESA PROCESSING CENTER,
A SMALL OFFICE WHERE EVERY SOUND COULD BE HEARD,
THIS IS WHERE "GOSSIP" BECAME AN EVERYDAY EVENT.
"GOSSIP" AT THE WORK-PLACE AN ACTIVITY THAT IS IN THIS
COMPLAINT OF CIVIL TORT __ (NEGLAGANT STANDARD OF CONDUCT)

PLAINTIFF IS NOW ABOUT TO HAVE THE "LTD" TERMINATED
IF A MEDICAL REPORT IS NOT SIGNED BY A PHYSICIAN AND
SUBMITTED TO "BROADSPIRE" (THE ADMINISTRATOR FOR
ASRS - LTD). PLAINTIFF HAS NOT AND CAN NOT SEE ANY
DOCTORS OR RECEIVE MEDICAL TREATMENT SINCE THE
ADOA-HEALTHCARE INS. BENEFITS WAS CANCELLED AS OF
1-25-2019 (NOTIFIED ON 3-26-2019), A VIOLATION OF DUE PROCESS).

PLAINTIFF IS A RECEIPIANT OF THE HIGHEST AWARD OF
EXCELLANCE BY THE STATE, HAS BEEN WRONGFULLY
DEPRIVED OF ENTITLED H.C. BENEFITS A CAUSATION
RESULTING TO AN EVICTION SLEEPING IN HER CAR
HOMELESS ABOUT 10-MONTHS NO-PAY AND DENIED
ACCLESS AND FOOD-STAMPS. ALL BECAUSE OF
ADOA-ACCOUNTING H.C. BENEFITS RISK-MGMT FAILURE
TO ACT DILIGENTLY TO MAKING CORRECTIONS.
PLAINTIFF REQUESTS THIS COURT TO GRANT ENTITLED
RELIEF AND THANK YOU FOR YOUR SUPPORT & FAIR
JUDGEMENT. (LETTER TO GOV.)
(SEE ATTACHMENT 1,2,3,4,5)

CORDIALLY Sarah C. Ewers
2/5/2020

Douglas A. Ducey
Governor

Gilbert Davidson
Chief of Operations
and Interim Director

## ARIZONA DEPARTMENT OF ADMINISTRATION

### OFFICE OF THE CONTROLLER

100 NORTH FIFTEENTH AVENUE • SUITE 302
PHOENIX, ARIZONA 85007

DE-162357-C1-DE336-33660-HITF Accounting
TARA EIVERS
1360 W ISABELLA AVE
APT 2160
MESA, AZ 85202

*"NOTE" HAD THE "ADOA AND ITS DIVISIONS TREATED THE UNPAID PREMIUMS OF DEC-2018 AS THEY DID IN THIS UNPAID PREMIUMS OF JUNE 25-2018... THERE WOULD NOT HAVE CREATED THIS CIVIL ACTION. THE DIVISIONS OF ADOA CONSPIRED TO PREVENT PLAINTIFF FROM ENTITLED COMPENSATION AND THE EARNED RETIREMENT TO EMPLOYEE WITH A 5 YRS- OF EMPLOYMENT*

June 25, 2018

AGENCY:  DEPT OF ECONOMIC SECURITY

*NOW PLAINTIFF IS A GROUP RETIREMENT CATAGORY WITHOUT HEALTHCARE INS...*

Dear TARA:

Our payroll records indicate that you have unpaid benefit premiums that could not be deducted from your paycheck. Unpaid benefit premiums more than 30 days old will cause your benefit coverage to be automatically ended which would make you responsible for any claims on or after the start date of the unpaid benefit premium.

*FILED EARLY ENROLLMENT BACK IN OCT, 2018*

If payment is not received timely, your benefit coverage will be retroactively terminated due to nonpayment and you and your dependents will not be allowed to re-enroll until the following Open Enrollment period. Please include your EIN on your check or money order and submit your payment to the address listed on the enclosed billing statement. If you have already paid these premiums, please disregard the enclosed billing statement.

*MADE 2-PAYMENTS OVER $1249, — THERE IS NO NEED TO CANCEL*

If you think you may be eligible for a Qualifying Life Event (QLE), or have any questions regarding your coverage or premiums, please contact your Agency Benefits Liaison or visit benefitoptions.az.gov for more information.

*FOR UNTIL AFTER 30-DAYS OF ROVERAGE IN THIS $1249.00*

Sincerely,

Joe Whitmer, CPA
Controller

Enclosure: Unpaid Benefit Premium Billing Statement

cc:  Agency Benefits Liaison, Human Resource Office
     Benefit Services Division
     GAO Central Payroll

TARA EIVERS
1360-W-ISABELLA-RD-APT-2448
MESA, AZ 85202-1081

3214

91-527/1212041
7815712140

Pay to the
Order of _HOA / HITF Accounting_____  1360 W. Isabella Ave

_eighty four & 00/100_____ |$ 84.00

Date _7/3/2019_

WELLS FARGO
Wells Fargo Bank, N.A.
Arizona
wellsfargo.com

Dollars

For _162357_                          _Tara Eivers_

⑆121210527⑈ 7815712140⑈ 0321⑉

# NOTE:

THIS CHECK WAS
RETURNED BECAUSE
IT WAS LATER DISCOVERED
THAT THIS UNPAID BENEFIT
PREMIUM BILLING STATEMENT
OF $ 84.00 HAD BEEN DEDUCTED
FROM PAYROLL EARNINGS
THE SUBJECT MATTER OF UNPAID
PREMIUMS FOR DEC, 2018 IS THE
PROXIMITY CAUSATION FOR CANCELED
H.C. INSURANCE ON 1-25-2019 & ON
2-8-2019 BOTH ACTS ARE IN
VIOLATION OF DUE PROCESS