**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Tara K A Eivers, | No. CV-20-00324-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. |  |
| Arizona Department of Administration, et al., |  |
| Defendants. |  |

Pending before the Court is Plaintiff's Application for Leave to Proceed In Forma Pauperis (Doc. 2), which the Court hereby grants. The Court will screen Plaintiff's complaint (Doc. 1) pursuant to 28 U.S.C. § 1915(e)(2)[1] before it is allowed to be served. Pursuant to that screening, the complaint will be dismissed with leave to amend.

### I.  Legal Standard

Under 28 U.S.C. § 1915(e)(2), a complaint is subject to dismissal if it contains claims that are "frivolous or malicious," that "fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." *Id.* Additionally, under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* Although Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v.*

---
[1] Although section 1915 largely concerns prisoner litigation, section 1915(e) applies to all in forma pauperis proceedings. *Calhoun v. Stahl,* 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

*Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

The Ninth Circuit has instructed that courts must "construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* litigant] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). Conclusory and vague allegations, however, will not support a cause of action. *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). A liberal interpretation may not supply essential elements of the claim that were not initially pled. *Id.*

**II.    Analysis**

As a preliminary matter, Pedro O. Camarena, a non-lawyer, cannot represent Plaintiff in this lawsuit. "[A] non-lawyer "has no authority to appear as an attorney for others than himself." *Johns v. Cty. of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997). Having a fiduciary relationship of some sort does not alter this basic tenet. *Id.* To the extent Plaintiff wishes to proceed with this action, she must hire an attorney or represent herself.

Furthermore, the complaint cannot be served in its current state. The complaint is a garbled collection of handwritten documents, forms with handwritten notes on them, and other attachments. All handwritten portions are cramped and styled all in capital letters,

such that it is very difficult to read. Far from being a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed R. Civ. P. 8(a)(2), the complaint involves scattered, rambling statements—blending alleged facts, opinions, legal conclusions, and legal citations without any cohesion or organizational structure, such that it is impossible to discern what happened. There is no way to determine what causes of action are being raised, against which defendants, for what conduct. Rule 8 requires "simplicity, directness, and clarity," such that each defendant should easily be able to determine "what he is being sued for." *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996).

The Court will dismiss the complaint with leave to amend. "Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988) (internal quotation marks and citation omitted).

Plaintiff's amended complaint must adhere to all portions of Rule 7.1 of the Local Rules of Civil Procedure ("LRCiv"). Additionally, Plaintiff is advised that the amended complaint must satisfy the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Specifically, the amended complaint shall contain a short and plain statement of the grounds upon which the Court's jurisdiction depends, a short and plain statement of each specific claim asserted against each Defendant, and a good faith demand for the relief sought. Fed. R. Civ. P. 8(a)(1)-(3). These pleading requirements are to be set forth in separate and discrete numbered paragraphs, and "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1); *see also* Fed. R. Civ. P. 10(b) ("A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."). Where a complaint contains the factual elements of a cause, but those elements are scattered throughout the complaint without any meaningful organization, the complaint does not set forth a "short and plain statement of the claim" for purposes of Rule 8. *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988).

Finally, the Court orders that the complaint must be typed or legibly handwritten,

1  using proper conventional use of uppercase and lowercase letters.  To be clear, the Court
2  will not require perfection—just a general attempt at using capital letters only where they
3  are appropriate.

4  Plaintiff is advised that if the amended complaint fails to comply with the Court's
5  instructions explained in this Order, the action may be dismissed pursuant to
6  28 U.S.C. § 1915(e) and/or Rule 41(b) of the Federal Rules of Civil
7  Procedure.  *See McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming
8  dismissal with prejudice of amended complaint that did not comply with Rule 8(a)).  Given
9  this specific guidance on pleading requirements, the Court is not inclined to grant Plaintiff
10 leave to file another amended complaint if the first amended complaint is found to be
11 deficient.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (affirming dismissal
12 with prejudice where district court had instructed *pro se* plaintiff regarding deficiencies in
13 prior order dismissing claim with leave to amend); *Ascon Props., Inc. v. Mobil Oil Co.*,
14 866 F.2d 1149, 1160 (9th Cir. 1989) ("The district court's discretion to deny leave to amend
15 is particularly broad where plaintiff has previously amended the complaint.").

16 Plaintiff is directed to become familiar with the Local Rules and the Federal Rules
17 of Civil Procedure and is reminded that the Federal Court Self-Service Clinic provides free
18 civil legal help to self-represented litigants.  (*See* Notice to Self-Represented Litigant, Doc.
19 5 at 7.)

20 Accordingly,

21 **IT IS ORDERED granting** the Application to Proceed in District Court without
22 Prepaying Fees or Costs (Doc. 2).

23 **IT IS FURTHER ORDERED** that Plaintiff's complaint (Doc. 1) is **dismissed** with
24 leave to file an amended complaint by **March 13, 2020**.  The amended complaint must
25 adhere to LRCiv 7.1.

26 ///
27 ///
28 ///

**IT IS FURTHER ORDERED** that if Plaintiff fails to file an amended complaint by **March 13, 2020**, the Clerk of Court shall terminate the action.

Dated this 14th day of February, 2020.

Dominic W. Lanza
United States District Judge